Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ALEJANDRO DE LA MATA LIMARDO<br><br>Apelada<br><br>v.<br><br>CAGUAX AUTO SALES, INC.<br><br>Apelante | TA2026AP00411 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2020CV02440 Salón 701<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece Caguax Auto Sales, Inc. mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Caguas, emitida el 4 de marzo de 2026. En dicho dictamen, se decretó la nulidad de un contrato de venta. Por los fundamentos que expondremos, confirmamos la *Sentencia* recurrida.

En síntesis, y según un *Traspaso y Cesión de Derechos* otorgado ante notario el 8 de febrero de 2019, el señor Víctor Juan Jiménez Ramos declaró que el vehículo en controversia, de marca Honda y modelo Ridgeline, fue declarado pérdida total debido a un accidente y, por tanto, cedía y traspasaba todos los derechos y las acciones del automóvil a favor de Universal Insurance Company. El 2 de agosto de 2019, un supervisor de Universal declaró bajo juramento que cedió, traspasó y vendió al señor Jorge L. Espada Muñoz d/b/a Espada Auto

Sales, todos los derechos y las acciones sobre el Ridgeline, y que dicha unidad fue declarada pérdida total constructiva a consecuencia de un choque. Finalmente, el 26 de agosto de 2019, la señora Blanca Sylvia Espada Muñoz, como representante autorizada de Espada Auto Sales Inc. d/b/a Caguax Auto Sales #1, declaró bajo juramento que adquirió el vehículo Ridgeline, el cual, al momento de la compra, fue identificada como pérdida total constructiva.

Así las cosas, el 5 de octubre de 2019, el señor Alejandro De La Mata Limbardo compró de Caguax el vehículo en controversia por el precio de cuarenta y un mil novecientos noventa y cinco ($41,995.00) dólares y con odómetro de cinco mil setenta (5,070 mi) millas corridas. Ese mismo día, el apelado suscribió un documento intitulado *Guía del Consumidor* y en el cual se suscribió que el vehículo pudo haber sido reparado y, en específico, que el lado izquierdo del automóvil fue pintado. Igualmente, el señor De La Mata Limbardo otorgó, a favor de Oriental Bank, un *Contrato de Venta al Por Menor a Plazos*, mediante el cual financió la totalidad del precio de venta a un término de ochenta y cuatro (84) meses.

Acontecido lo anterior, el 6 de octubre de 2019, el señor De La Mata Limbardo sufrió un accidente de tránsito y, consecuentemente, el apelado recurrió al gerente de Caguax, a fin de procesar la reclamación de los daños ocasionados al vehículo. En tales circunstancias, el apelado descubrió que el vehículo había sido declarado pérdida total constructiva, adquirida en subasta de salvamento y que nunca había sido llevado a la inspección de la División de Vehículos Hurtados de la Policía de Puerto Rico ni inscrita en el Departamento de Transportación y Obras Públicas (DTOP), como correspondía.

Consecuentemente, el 18 de noviembre de 2020, el señor De La Mata Limbardo presentó una demanda contra Caguax y Oriental Bank de entredicho provisional, *injunction* preliminar y permanente, sentencia declaratoria y daños y perjuicios. En ella, el apelado alegó, entre otros asuntos, que Caguax nunca le informó que el vehículo había sufrido daños previos mayores a reparaciones de pintura en el lado izquierdo del vehículo y que, de haber sabido de esto, el apelado nunca hubiese suscrito contrato de compraventa para la adquisición del vehículo. Igualmente, el apelado solicitó como remedio la declaración de la nulidad del contrato de venta—esto como consecuencia del dolo cometido por la parte apelante—y del contrato de financiamiento otorgado entre el señor De La Mata Limbardo y Oriental Bank. En determinaciones separadas, el Tribunal apelado desestimó las causas de acción de *injunction*.

Después de varios trámites procesales, y pertinente a la presente controversia, el 28 de marzo de 2025 Caguax presentó una *Moción Solicitando Sentencia Sumaria*, argumentando que no existe evidencia de dolo contractual en alguna de sus modalidades. A esto, el 18 de junio de 2025, el Tribunal apelado resolvió sin lugar. El 13 de agosto de 2025, Caguax presentó el recurso de *certiorari* TA2025CE00289 ante el Tribunal de Apelaciones y solicitó que se revocara la referida *Resolución* y, consecuentemente, se desestimara la demanda de marras. El 9 de septiembre de 2025, el Tribunal de Apelaciones denegó expedir el auto de *certiorari* y, eventualmente, resolvió sin lugar a la solicitud de reconsideración de Caguax. Por lo acontecido, el 23 de octubre de 2025, la parte apelante recurrió ante el Tribunal Supremo, el cual denegó expedir el auto de *certiorai* y, el 12 de marzo de 2026, resolvió

sin lugar la moción de reconsideración de Caguax. Así las cosas, el 15 de abril de 2026, el Tribunal de Apelaciones envió al Tribunal de Primera Instancia el mandato correspondiente.

Mientras tanto, el 15 de octubre de 2025, las partes presentaron su *Informe de Conferencia con Antelación al Juicio* en el cual el señor De La Mata Limbardo incluyó como enmienda a sus alegaciones el que hubo una pérdida total constructiva. Según la *Minuta* de la *Conferencia con Antelación a Juicio* del 21 de octubre de 2025, el Tribunal apelado dispuso que "no se permitirán enmiendas adicionales a las realizadas hoy".

Más adelante, el 15 de febrero de 2026, el Tribunal recurrido celebró un juicio en su fondo y, evaluada toda la evidencia, el 4 de marzo de 2026, emitió *Sentencia* para decretar la nulidad del *Contrato de Venta Al Por Menor a Plazos*. En dicho dictamen, el Tribunal apelado aclaró que "si bien de la demanda no surge la frase 'pérdida total constructiva', de la misma si se desprende en su inciso 27 que la parte demandante alega que 'nunca fue informado por Caguax que el vehículo había sufrido daños mayores a reparaciones de pintura en el lado izquierdo del vehículo', y que tal frase "daños mayores" incluye el término "pérdida total constructiva". A razón de ello, ordenó que Caguax devolviera la totalidad del dinero desembolsado por el señor De La Mata Limbardo y que le pagara dos mil ($2,000.00) dólares en concepto de daños. Ante la solicitud de reconsideración de Caguax, el Tribunal apelado resolvió sin lugar.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) emitir la *Sentencia* sin aguardar a recibir el mandato de los Tribunales superiores en cuanto al

recurso apelativo TA2025CE00289, por lo cual el foro actuó sin jurisdicción para continuar los procedimientos; (2) aceptar enmiendas a las alegaciones debidamente objetadas o impugnadas, sin dichas alegaciones haber sido incluidas en la demanda original o en la demanda enmendada; y (3) determinar que hubo dolo en la contratación sobre el Honda Ridgeline, cuando Caguax informó y divulgó la información que tuvo ante su consideración sobre reparaciones de la unidad. Presentada la oposición de la parte apelada, resolvemos.

En lo pertinente, nuestro ordenamiento dispone que una vez se presenta un escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, salvo orden en contrario. Regla 52.3 de Procedimiento Civil de 2009 (32 LPRA Ap. V). No obstante, la presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el tribunal recurrido, salvo orden en contrario por el Tribunal de Apelaciones o cuando se expida el auto de *certiorari*. Íd. Luego de paralizado los procedimientos en el Tribunal de esa forma, el Tribunal recurrido pierde su facultad para atender las controversias planteadas en alzada y se anulará toda actuación que lleve a cabo el foro revisado, previo a recibir el mandato del foro superior. *Colón y otros v. Frito Lays*, 186 DPR 135 (2012) (citando a *Pérez, Ex parte v. Depto. de la Familia*, 147 DPR 556 (1999)).

Por otro lado, las alegaciones permitidas en un litigio serán la demanda, la reconvención, la demanda contra coparte, la demanda contra tercero y sus respectivas respuestas, sabido así que no se permitirá otra alegación a menos que el Tribunal exija la presentación de una réplica a una contestación o a una contestación de tercero. Regla

5.1 de Procedimiento Civil, *supra*. Una solicitud de remedio deberá contener (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio; y (2) una solicitud del remedio a que crea tener derecho. Regla 6.1 de Procedimiento Civil, *supra*. Claro, una parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva o, de ser posterior a la respuesta de la parte demandada, se podrá enmendar la demanda únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria. Regla 13.1 de Procedimiento Civil, *supra*. De manera similar, el Tribunal podrá permitir enmiendas a las alegaciones luego de haberse celebrado la conferencia con antelación al juicio. Regla 37.5 de Procedimiento Civil, *supra*.

No obstante, la liberalidad concedida a la autorización de enmiendas a las alegaciones no se deberá concebir como infinita. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184 (2012) (citando a *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322 (2010); *Romero v. SLG Reyes*, 164 DPR 721 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793 (1976)). Por tanto, el Tribunal deberá ponderar, de manera conjunta, sobre (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte; y (4) la procedencia de la enmienda solicitada. Íd. (citando a *SLG Sierra v. Rodríguez*, 163 DPR 738 (2005)). Asimismo, el Tribunal deberá evaluar, con especial énfasis, el perjuicio que dicha enmienda podría causarle a la otra parte. Íd. (citando a *SLG Sierra v. Rodríguez*, supra; *Romero v. SLG Reyes*, supra; *Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975)).

Dicho esto, vale recordar que los tribunales apelativos deben deferencia hacia las determinaciones que realizan los juzgadores de primera instancia en cuanto a la prueba testifical presentada ante ellos. *Pueblo v. Negrón Ramírez*, 213 DPR 895 (2024) (citando a *Pueblo v. Arlequín Vélez*, 204 DPR 117 (2020)). Esto en cuanto que los juzgadores de primera instancia se encuentran en una mejor posición para evaluar, aquilatar y adjudicar la prueba presentada, especialmente cuando involucra prueba testifical u oral desfilada en el juicio. Íd. (citando a *Pueblo v. Toro Martínez*, 200 DPR 834 (2018); *Pueblo v. García Colón I*, 182 DPR 129 (2011); *Pueblo v. Bonilla Romero*, 120 DPR 92 (1987)). De esta manera, los juzgadores pueden oír y apreciar la forma que declararon los testigos, como su comportamiento. Íd. (citando a *Pueblo v. Toro Martínez*, *supra*; *Pueblo v. García Colón I*, *supra*; *Pueblo v. Maisonave Rodríguez*, 129 DPR 49 (1991)).

De otra parte, el contrato existe desde que una o varias personas se obligan respecto de otra u otras, a dar alguna cosa, o prestar algún servicio, siempre y cuando concurran el consentimiento, objeto y causa. Arts. 1206 del Código Civil de 1930, 31 LPRA ant. sec. 3371.[1] Asimismo, las partes pueden acordar cualquier pacto, cláusula o condición que no sea contraria a la ley, a la moral o al orden público y, en efecto, los contratos tienen fuerza de ley entre las partes. Íd., ant. secs. 2994, 3372. Además, si los términos del contrato son claros y no dejan duda sobre la intención de las partes, se interpretará el lenguaje en su sentido literal y, de las palabras parecer contrarias a la intención evidente de las partes, prevalecerá ésta sobre aquéllas. Íd., ant. sec.

---

[1] Por el contrato de seguros haberse suscrito antes del Código Civil de 2020 entrar en vigor, estaremos utilizando el Código Civil de 1930 para fundamentar nuestros argumentos.

3471. A esos efectos, toda obligación recíproca podrá resolverse cuando una parte incumple y, consecuentemente, el perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en ambos casos. Íd., ant. sec. 3052.

Asimismo, el dolo contractual consiste en la omisión consciente, intencionada y voluntaria de incumplir con la obligación acordada con conocimiento de que se realiza un acto injusto. *Colón v. Promo Motor Imports, Inc.*, 144 DPR 659 (1997) (*Per Curiam*) (citando a *Canales v. Pan American*, 122 DPR 329 (1982); *Márquez v. Torres Campos*, 111 DPR 854 (1982)). De una persona incurrir en dolo, ésta quedará sujeta a indemnizar por los daños y perjuicios que conocidamente se deriven de su falta de cumplimiento. Íd.; Art. 1054 del Código Civil de 1930, 31 LPRA ant. sec. 3018. No obstante, el dolo no se presume; el reclamante de esta causa de acción deberá probar, mediante evidencia directa o circunstancial, o inferencia, que dicha conducta dolosa ocurrió. *Colón v. Promo Motor Imports, Inc.*, *supra* (citando *a Canales v. Pan American*, *supra*; *Márquez v. Torres Campos*, *supra*; *Miranda Soto v. Mena Eró*, 109 DPR 473 (1980)). El dolo podrá también producir la nulidad de los contratos, siempre y cuando el perjuicio fuera grave y no empleado por ambas partes contratantes. Art. 1222 del Código Civil de 1930, 31 LPRA ant. sec. 3409.

En particular sobre la controversia de este caso, el Reglamento para Revisar las Normas Vigentes Relacionadas con la Implantación de la Ley Núm. 8 de 5 de agosto de 1987 dispone que la pérdida total constructiva tiene que ver con aquel automóvil que es reparable, por lo que no puede calificarse como pérdida total. Reglamento Núm. 4021

de 26 de septiembre de 1989, Art. 4(6), pág. 2. Constituye una pérdida total, por su parte, aquel vehículo de motor que es inservible e irreparable, por lo que se le considera chatarra, con la utilidad, si alguna, de solo disponer de piezas para la reparación o adaptación a otra unidad. Íd., Art. 4(4). Véase, también, Reglamento para la Imposición y Cancelación de Gravámenes Bajo la Ley Número 22 de Vehículos y Tránsito de Puerto Rico, Reglamento Núm. 8645 de 15 de septiembre de 2015, Art. VI-24, pág. 9.

En el presente caso, resolvemos que el Tribunal de Primera Instancia actuó correctamente al emitir su *Sentencia* a favor de la parte apelada. Primero, del expediente se desprende que el recurso TA2025CE00289 fue uno de *certiorari* que nunca se expidió, ergo los procedimientos ante el Tribunal apelado nunca se paralizaron, en función de lo cual dicho foro nunca perdió jurisdicción sobre el caso de epígrafe y podía actuar sobre el mismo. Por tanto, el Tribunal de Primera Instancia tenía jurisdicción para emitir su *Sentencia* en la fecha y manera que lo hizo.

Asimismo, el Tribunal apelado tenía la facultad para autorizar la enmienda a las alegaciones del señor De La Mata Limbardo en cualquier momento, incluso después de celebrarse la conferencia con antelación a juicio. Igualmente, la parte apelante nunca proporcionó algún argumento convincente de que Caguax sufriría de perjuicio si se permitiera la enmienda de las alegaciones en cuestión. Más aun, aunque no era necesario que el Tribunal de Primera Instancia argumentara sobre las causas de acción descritas en la demanda original—toda vez que el foro ya había aceptado las enmiendas propuestas por el apelado—para propósitos argumentativos reconocemos igual la

claridad de intención articulada en la demanda original. Es decir, a pesar de no haberse utilizado la frase exacta de "pérdida total constructiva" en principio, el lenguaje en términos de que el vehículo "había sufrido daños previos mayores" resultaba en una alegación suficientemente clara como para que la parte apelante se preparara desde el inicio del litigio a defender su posición.

Por último, la evidencia hace meridianamente claro que Caguax no le informó al señor De La Mata Limbardo sobre la severidad de los daños que el vehículo sufrió antes de su última venta. La *Guía del Consumidor*, o cualquier otro documento suministrado por Caguax al señor De La Mata Limbardo durante la compraventa, tampoco hizo expresión de daños equiparables o similares al nivel de daños o perjuicios que definen la pérdida total constructiva descrita en los contratos de traspaso otorgados a Caguax y los dueños anteriores. Por tanto, es evidente que Caguax omitió informar al apelado sobre la totalidad de las circunstancias conocidas por esta entidad en cuanto al vehículo Honda Ridgeline y, como consecuencia, cometió dolo al momento de la venta.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones